# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JUDITH SOKAL as Personal Representative
to the Estate of Wilbur Denny Arant, GARY S.
ARANT, DEBORA A. JOHNSON, and
CHRISTOPHER D. ARANT,

    Plaintiffs,

v.                                                                                  CASE NO: 8:07-cv-213-T-26TGW

UPSHER-SMITH LABORATORIES, INC.,
HEALTHSOUTH REAL PROPERTY
HOLDING CORP. and ALBERTSON'S INC.,
d/b/a SAV-ON PHARMACY,

    Defendants.
_____/

## O R D E R

Before the Court is Defendant Upsher-Smith Laboratories, Inc.'s Partial Motion to Dismiss or Strike Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) and Incorporated Memorandum of Law filed February 8, 2007.[1] Although the Court directed Plaintiffs' counsel to file a response to the motion on or before February 20, 2007, Plaintiff's counsel has failed to do so.[2] Consequently, the Court must resolve the merits of the motion without the benefit of Plaintiffs' legal input.

---

[1] See docket 6.

[2] See docket 9.

Defendant's motion has as its sole focus count III of Plaintiffs' second amended complaint in which Plaintiffs accuse Defendant of fraud through concealment with respect to the prescription drug Pacerone.[3]  Defendant contends that Plaintiffs have wholly failed to satisfy the heightened pleading requirements imposed by Rule 9(b) with regard to pleading a cause of action for fraud.  After carefully examining Plaintiffs' complaint in conjunction with well established Eleventh Circuit precedent, the Court agrees with Defendant's contention.  Plaintiffs' complaint does not sufficiently allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F. 3d 1364, 1371 (11th Cir. 1997); accord United States v. Laboratory Corp. of America, Inc., 290 F. 3d 1301, 1310 (11th Cir. 2002); Ziemba v. Cascade Int'l, Inc., 256 F. 3d 1194, 1202 (11th Cir. 2001).

Although this is Plaintiffs' second amended complaint, the Court will afford them one more opportunity to comply with the pleading requirements of Rule 9(b) as to count III.  Accordingly, it is ordered and adjudged that Defendant's Partial Motion to Dismiss or Strike (Dkt. 6) is granted.  The Court dismisses count III without prejudice to

---

[3]  See docket 2.

Plaintiffs' filing an amended complaint on or before March 2, 2007, failing which count III will stand dismissed with prejudice. Defendant Upsher-Smith shall file a response to the amended complaint within 10 days of service.

**DONE AND ORDERED** at Tampa, Florida, on February 21, 2007.

> s/*Richard A. Lazzara*
> **RICHARD A. LAZZARA**
> **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record