UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JUDITH SOKAL, etc., et al.,

    Plaintiffs,

v.                                                           CASE NO: 8:07-cv-213-T-26TGW

UPSHER-SMITH LABORATORIES, INC., et al.,

    Defendants.
                                                /

**O R D E R**

       The Court conducted a hearing this day on Plaintiffs' motion to compel better answers to interrogatories from Defendant Albertson, commencing at 10:30 a.m.[1] During the course of the hearing, defense counsel in passing made mention of the fact that Plaintiffs' request for production of documents had been complied with. The Court recalls that Plaintiffs' counsel stood silent and did not contest or challenge that statement. The Court then proceeded to issue a verbal ruling on the motion.[2] The Court concluded the hearing at 10:50 a.m.[3]

       To the Court's utter surprise, at 11:41 a.m., Plaintiffs' counsel filed a motion to compel with regard to Plaintiffs' first request for production of documents previously served on Defendant Albertson. In the Court's view, Plaintiffs' counsel had a duty to advise the Court

---

    [1] See docket 37.

    [2] An order reducing the essence of the Court's oral ruling to writing will be filed prior to the end of business today.

    [3] See docket 37.

during the course of the hearing of his disagreement with defense counsel's statement with respect to compliance with the request for production so that the Court could have dealt with the issue then and there, thus obviating the unnecessary expenditure of client and judicial resources. Even had defense counsel made no passing reference to compliance with Plaintiffs' production requests, Plaintiffs' counsel still had an obligation to advise the Court of an impending discovery dispute so that, again, the Court could address the issue while all counsel were present in order to resolve it without further delay.

Furthermore, it is clear to the Court that Plaintiffs' counsel did not comply with the requirements of Local Rule 3.01(g) prior to filing the motion. This Court requires that counsel confer *personally* with opposing counsel prior to filing the motion. That obviously was not done in this case.

Finally, having reviewed Defendant Albertson's temporal objections to some of the production requests, the Court agrees with those objections. Consequently, consistent with the oral ruling announced after today's hearing, the temporal scope of the requests will be narrowed to the period between January 1, 2004, and November 21, 2005.

Accordingly, for the reasons expressed, it is ordered and adjudged as follows:

1) Plaintiffs' Motion to Compel (Dkt. 36) is denied.

2) Plaintiffs' counsel and Defendant Albertson's counsel shall confer *personally* within the next seven (7) days in a good faith effort to resolve the issues raised in the motion. In doing so, counsel shall be mindful of the dictates of Local Rule 2.04(h) which requires attorneys to "conduct themselves with civility and in a spirit of cooperation in order to reduce unnecessary cost and delay."

3) Counsel are put on notice that the Court will direct an expedited response and schedule an expedited hearing on two days' notice with regard to any future motion to compel.

**DONE AND ORDERED** at Tampa, Florida, on December 14, 2007.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record