FILED

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

07 DEC 17  AM 9: 55

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

JUDITH SOKAL, et al.,

        Plaintiffs,

v.

UPSHER-SMITH LABORATORIES, INC., et al.,

        Defendants.

Case No. 8:07-CV-00213-RAL-TGW

### STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

WHEREAS, during the course of this action, the parties or others may be required to produce in discovery documents and other materials that a party or the person or entity from whom discovery is sought considers to contain confidential or trade secret, business, financial, or technical information, information protected from discovery by third party rights of privacy or applicable law, or other trade secret, proprietary or confidential information; and

WHEREAS, the parties hereto desire to agree to a protective order for the protection of such information, and documents containing such information, during the pendency of this action and thereafter, and also for resolution of other issues that may arise in connection with this litigation;

THEREFORE, IT IS ORDERED that:

1. **Terms.** The terms defined in this Paragraph shall have the meanings provided. Defined terms may be used in the singular or plural.

    a. **"Producing Party"** refers to the party, or person/entity other than a party, being asked to produce documents or information considered by

that party or person to be Confidential Information, or a party asserting a confidentiality interest in information produced by others.

b.　**"Confidential Information"** refers to information, whether or not embodied in any physical medium, including all originals and copies of any document and/or information, used by the Producing Party in or pertaining to its business, or information pertaining to third-party privacy interests, which information the Producing Party reasonably and in good faith judgment believes contains or discloses a trade secret or other confidential research, development, or commercial information.   The term "Confidential Documents" refers to any documents and materials containing Confidential Information and which bear the legend "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" upon the documents or otherwise are designated or marked in such a way that it brings it to the attention of a reasonable examiner that they contain Confidential Information.

2.　**Nondisclosure of Confidential Information.**   Except with the prior consent of the Producing Party, no Confidential Information may be disclosed to any person except as provided in paragraph 3.

a.　Notwithstanding the provisions of paragraph 2 above, the Producing Party may redact from any materials any trade secrets or other confidential, financial or technical information, or privacy-related information, including but not limited to:

(1)　specific dollar amounts;

(2)　manufacturing dimensions or tolerances;

(3)　chemical formulas or methods of synthesization;

-2-

(4)    product specifications;

(5)    specific customer or supplier identities;

(6)    manufacturing methods and processes;

(7)    information concerning products not at issue in this action; and

(8)    names and any information that would identify persons (other than the decedent, Wilbur "Denny" Arant) associated with an adverse event, including but not limited to a physician or hospital or other institution, as such information is required to be redacted by 21 C.F.R. § 20.63.

If the parties have a good faith basis for challenging the redaction, their counsel shall initially attempt to resolve the issue through discussions. If these discussions prove unsuccessful, counsel may move for a ruling, which may require this Court's *in camera* inspection of a document on the issue of whether certain information is entitled to redaction.

b.    All redactions pursuant to this Stipulated Protective Order of Confidentiality and the basis for the redactions will be identified on the documents themselves and/or in a redaction log.

3.    **Permissible Disclosures.**    Notwithstanding paragraph 2, Confidential Information may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this lawsuit; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in

the lawsuit; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in this lawsuit (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph (c), such documents may also be disclosed to:

a.      To any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

b.      To the parties; to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants, co-counsel or experts retained for the purpose of assisting counsel in the lawsuit; third parties engaged solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this lawsuit, including the performance of such duties in relation to a computerized litigation support system; provided, however, that in all such cases the individual to whom disclosure is to be made under this subparagraph (b) has signed the Agreement to Maintain Confidentiality in the form attached hereto. Counsel shall be responsible for maintaining a list of all persons to whom any such documents are disclosed and, for good cause shown, such list shall be available for inspection by counsel for other parties upon order of the Court.

c.      Before disclosing any Confidential Information to any person listed in subparagraphs (a) or (b) who is a competitor (or an employee of a

competitor) of Upsher-Smith Laboratories, Inc. ("Upsher-Smith"), the parties shall give at least ten (10) days advance notice in writing to Upsher-Smith, stating the names and addresses of the person(s) to whom the disclosure will be made, identifying with particularity the Confidential Information to be disclosed, and stating the purposes of such disclosure. If, within the 10-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible unless and until the Court denies such motion.

4.      **Declassification.**  The parties may apply to the Court for a ruling that certain information designated as Confidential Information is not entitled to such status and protection.  Before any such application is filed, counsel for the parties shall attempt to resolve the issue through discussions.  If such discussions are unsuccessful and the parties file an application, the Producing Party shall be given notice of the application and an opportunity to respond.  To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

5.      **Confidential Information in Interrogatory Answers.**  Any party may, in good faith, designate information contained in a response to an interrogatory as confidential by marking the responses confidential or by otherwise advising the parties in writing of such confidential status.

6.      **Confidential Information in Depositions.**

2569987v2

a.      A deponent may during the deposition be shown and examined about Confidential Information pursuant to the provisions of paragraph 3(b).   Deponents shall not be entitled to permanently retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent, but shall instead be required to return that information to counsel at the conclusion of the litigation.  A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially Confidential Information.

b.      Parties (and deponents) may, within thirty (30) days after receiving a deposition transcript, designate pages of a transcript (and exhibits thereto) as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following or similar legend:  "Confidential–Subject to Protective Order."   Upon written notification by the Producing Party as to which specific pages and lines of the transcript or exhibits contain confidential information, the parties shall attach a copy of such written statement to the face of the transcript and each copy thereof in their possession, custody or control. Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Order.  If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential.

c.      The provisions of Paragraph 4 above ("Declassification") shall apply in the event a party opposes the post-deposition designation of materials or testimony as confidential.

7.      **Confidential Information at Trial or Hearing.**  Subject to applicable rules of evidence, Confidential Information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives ten (10) days advance notice to the Producing Party or, where ten (10) days advance notice is not feasible, as much notice as reasonably possible.  Any party may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at trial.

8.      **Subpoena by Other Courts or Agencies.**  If Confidential Information is subpoenaed by any person, court, administrative or legislative body, the party to whom the subpoena is directed shall not, to the extent permitted by applicable law, provide or otherwise disclose such documents or information until ten (10) days after giving counsel for the Producing Party notice in writing of the subpoena, accompanied by a copy of the subpoena.  If the Producing Party objects to the subpoena, the party to whom the subpoena is directed agrees not to produce documents in response to it until the resolution of the objection by the appropriate court.  If no objection to the subpoena is raised in the time set forth herein, the subpoenaed party will thereafter comply with the subpoena.

9.      **Filing.**  Confidential Documents need not be filed with the clerk except when required in connection with motions or other matters pending before the Court.  Before filing a motion or other document that contains Confidential Information, the filing party shall

-7-

2569987v2

give reasonable notice in writing to the Producing Party, identifying with particularity the Confidential Information to be included in the filing, and stating the purposes of including such information. If there is no dispute as to whether the information is entitled to protection as Confidential Information, the filing shall be accompanied by a request to file under seal. If there is such a dispute, the parties shall follow the procedure in paragraph 4. Motions and other documents containing Confidential Information shall be filed with the clerk only under seal, unless such a request is denied by the Court or the Court otherwise determines that the information is not entitled to protection. Any documents filed under seal shall remain sealed while in the office of the clerk so long as they retain their status as Confidential Documents.

10.     **Client Consultations.** Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of materials containing Confidential Information; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of paragraphs 3(b) and (c).

11.     **Use.** Persons obtaining access to Confidential Information under this Order shall use the information only for preparation and trial of this lawsuit (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings. Such persons shall at all times keep secure all notes, abstractions, or other work product derived from Confidential Information; shall be obligated to maintain the confidentiality of such work product; and shall not disclose or reveal the contents of said notes, abstractions, or other work product after the materials have been returned or destroyed pursuant to paragraph 13, *infra*, of this Order.

2569987v2

**12.    Mistake or Inadvertence.**  Notwithstanding the procedures set forth above, documents or other discovery materials produced and not designated as Confidential Information through mistake or inadvertence shall likewise be deemed confidential upon notice of such mistake or inadvertence.  Moreover, where a Producing Party has inadvertently produced a document that the Producing Party later claims should not have been produced because of privilege, the Producing Party may require the return of any such document within ten (10) days of discovering that it was inadvertently produced (or inadvertently produced without redacting the privileged content).  A request for the return of any document shall identify the document by Bates number and the basis for asserting that the specific document (or portions thereof) is subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from discovery; the basis for asserting that the production was inadvertent; and the date of discovery that there had been an inadvertent production.  The inadvertent production of any document that a Producing Party later claims should not have been produced because of a privilege will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged document not inadvertently been produced.  If a Producing Party requests the return, pursuant to this paragraph, of any such document from another party, the party to whom the request is made shall within ten (10) days return to the requesting party all copies of the document within its possession, custody, or control – including all copies in the possession of experts, consultants or others to whom the document was provided.  In the event that only portions of the document contain privileged subject matter, the Producing Party shall substitute a redacted version of the document at the time of making the request for the return of the requested document.  In the event a party contests the claim of

privilege or inadvertent production, the party shall file a motion within ten (10) days after the return of the document to obtain a court determination that the document is not privileged.

13.    **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of this action.  This Order shall remain in full force and effect and each person subject to this Order shall continue to be subject to the jurisdiction of this Court for the purposes of enforcement of the confidentiality terms of this Order.  Within thirty days (30) days after final conclusion of all aspects of this lawsuit, Confidential Documents and all copies of same (other than exhibits of record) shall be returned to the Producing Party, at its cost or, at the option of the Producing Party, destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than forty-five (45) days after final conclusion of this litigation.

14.    **Modification Permitted.** Nothing in this Order shall prevent a party from seeking modification of this Order, or from objecting to discovery that they believe to be otherwise improper.

15.    **Responsibility of Attorneys.** The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Documents.  Parties shall not duplicate any Confidential Document except working copies and for filing in court under seal.  All copies made of Confidential Documents shall bear the confidential designation.

16.    **No Waiver.**

   a.    Review of the Confidential Documents and information by counsel, experts, or consultants for the litigants in the lawsuit shall not waive the confidentiality of the documents or objections to production.

b.      The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

c.      Nothing contained in this Stipulated Protective Order of Confidentiality shall constitute a waiver of, or otherwise prejudice, the Producing Party's right to protect from disclosure any information based on any applicable privilege, right of privacy, trade secret protection or other statutory or common law immunity.

17.     Nothing contained in this Stipulated Protective Order of Confidentiality and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Information sought.

2569987v2

IT IS SO STIPULATED.

**SILVER, LEVY & FELDMAN, P.A.**                    **SHOOK, HARDY & BACON L.L.P.**

By:  s/ Mitchell L. Feldman                         By:  s/Scott W. Anderson
      **Mitchell L. Feldman**                              **James B. Murphy, Jr.**
      Florida Bar No.: 0080349                             Florida Bar No. 287598
                                                           **Scott W. Anderson**
2701 N. Rocky Point Drive, Suite 1000                      Florida Bar No. 738311
Tampa, Florida 33607
Tel:  (813) 639-9366                                100 North Tampa Street, Suite 2900
Fax: (813) 639-9376                                 Tampa, Florida 33602-5810
                                                    Tel:  (813) 202-7100
ATTORNEYS FOR PLAINTIFFS                            Fax:  (813) 221-8837

                                                    ATTORNEYS FOR DEFENDANT
                                                    UPSHER-SMITH LABORATORIES, INC.


                                                    **BRASFIELD, FULLER & FREEMAN, PA**


                                                    By:  s/J. Scott Brasfield
                                                          **J. Scott Brasfield**
                                                          Florida Bar No.: 179102

                                                    2553 First Avenue North
                                                    P.O. Box 12349
                                                    St. Petersburg, Florida 33733-2349
                                                    Tel:  (727) 327-2258
                                                    Fax: (727) 328-1340

                                                    ATTORNEYS FOR DEFENDANT
                                                    ALBERTSON'S

2569987v2

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this ___ day of _____, 2007.

_____

The Honorable Richard A. Lazzara
United States District Court Judge

-13-

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUDITH SOKAL, et al.,

       Plaintiffs,

v.

UPSHER-SMITH LABORATORIES, INC., et al.,

       Defendants.

Case No. 8:07-CV-00213-RAL-TGW

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____[Name - Print or Type], have been given and read a copy of the Stipulated Protective Order of Confidentiality, dated _____, 2007, in this case. I understand and will strictly adhere to the contents of this Order. I understand that produced material disclosed to me is subject to the Protective Order of this Court and that I am prohibited from copying, disclosing or otherwise using such material except as provided by this Order. I understand that unauthorized disclosure of the stamped Confidential Documents or Confidential Information may constitute contempt of court and agree to be subject to personal jurisdiction of this Court in the event that I am subject to contempt. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by this Order, is a prerequisite to my review of any produced documents and materials.

2569987v2

Dated this _____ day of _____, 200__.


_____


STATE OF _____        )
                             ) SS.
COUNTY OF _____         )

Subscribed in my presence and sworn to before me on this _____ day of _____, 200__.

_____
Notary Public

My Commission Expires:


_____